## JESSIE MAY COLLINS V. STATE

No. 32,202. November 2, 1960

Appellant's Motion for Rehearing Overruled December 7, 1960

*Billy Hall,* Littlefield, for appellant.

*Curtis R. Wilkinson,* County Attorney, Littlefield, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of beer, whisky, vodka and wine in a dry area for the purpose of sale; the punishment, a fine of $500 and 30 days in jail.

No statement of facts on the trial before the jury accompanies the record.

The appeal is predicated upon the contention that there is fundamental error in the court's charge which requires reversal.

Appellant was not represented by counsel at the trial and filed no objections to the charge.

The error in the charge was to the effect that possession "of one quart or more" of whisky, vodka and wine is prima facie evidence that such possession is for the purpose of sale, whereas the statute requires the possession of more than one quart to give rise to such prima facie evidence rule. Art. 666-23a (2) V.A.P.C.

It is evident that the trial court made an error in his charge. However, the error is one which, had it been called to the court's attention, would no doubt have been rectified. It is for this purpose that written objections to the charge are required by Art. 658 V.A.C.C.P.

The record shows that appellant had in her possession 49 half pints of whisky, 14 half pints of vodka, and some wine. This was in addition to 28 quarts of beer.

We confess our inability to see how appellant was injured or prejudiced by the error in the charge.

Art. 666 C.C.P. relating to the court's charge provides that the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial.

The judgment is affirmed.